Okay, so the first argument is United States v. Bailey and Haddow. This is docket numbers 14-1165 and 1486. May it please the court, Jason Freeman on behalf of Hansel Bailey. I would like to reserve two minutes of my seven for rebuttal. That's granted. All right, the verdict must be vacated. First, the factual theory of identification, this factual newsletter factual theory of identification that the government relies upon to establish the identity of Mr. Bailey was never tried or even presented to the jury. Why would that have to have been presented to the jury? Why wasn't it enough for the jury to have evidence in front of them that showed a picture of your client and look at it and say, that's Mr. Bailey, all right? Your Honor, it is an essential element of the crime and there has to be a factual link establishing that the evidence that is in the record actually stands for the proposition that the government is asking. But that can't be proven circumstantially? Yes, Your Honor, you can prove it circumstantially, but the theory itself, the factual theory itself, as I've cited to McCormick, the Supreme Court President, legal and factual theories that the government's case rests upon have to be presented to the jury. But the jury is allowed to consider the totality of the evidence. They're instructed on that. They had in front of it, among other things, the photograph and the description within the bulletin that linked the face with the name and the face in the courtroom. Why can't the jury draw from its reasonable inference that fact? Why does the government have to specifically say, by the way, ladies and gentlemen, this is the way you have to demonstrate identity to your satisfaction? I am not arguing that the government has to be that explicit and to say that, ladies and gentlemen of the jury, I'm asking you to draw this inference. Generally, in the cases, I think that it is at least implicitly asked. For instance, had there been a question about the identity of someone in the newsletter, I think that that would have sufficed to implicitly ask the jury to make a finding consistent with that factual theory. Here there was no explicit question, as we've recognized, but there was also no implicit question to the jury. There was not one substantive question from the government on Exhibit 68, the summer of 2006 newsletter. There were a couple of substantive questions from the government on Exhibit 149, which was the spring of 2006 newsletter. However, there was not a single question eliciting testimony about the identity of anyone identified in that picture. Didn't it speak for itself? I mean, didn't it have a caption with a name and a picture? Your Honor, Exhibit 68 had a caption. Exhibit 149, I'll start with that one, did not actually have a caption underneath it. Didn't it have a news story in which it referenced your client? It did have a news story next to it. There was no caption and there was no express statement within there. Now, before you go further, I've got to ask Mr. Freeman, the standard of review we're operating under is whether any rational juror could, on the basis of the evidence, have come to a conclusion that your client was guilty, including this element of the offense of identification. Am I right? Yes, Your Honor, but may I nuance that somewhat? Sure. Go ahead. I think under this particular argument, and yes, Your Honor, when we were talking about sufficiency, which I think is a separate question, but when we were talking about this particular argument, I think that you changed the word could to did, because this question was never presented to the jury, and so the question is, did the jury ever make this determination? Well, when you say, did the jury make this determination, of course it did, because in the jury instructions and in your arguments, both the government's and the defense argument, the question was, is Mr. Bailey and is Mr. Haddow guilty of the crimes charged? So it wasn't, is somebody out there generally guilty of it, it was, were these two individuals guilty? So the jury understood that Mr. Haddow and Mr. Bailey were the ones on trial, and that seems to me, isn't it, to sort of plainly inherent, if they know these two individuals are on trial, and here's a picture of Mr. Bailey with his name, that's, how is that not enough for a rational juror to say, yeah, that's the guy? I don't think it is, because the question, again, was never explicitly or implicitly raised with the court. I don't think that we can assume from the jury's verdict, which convicted a Hansel O. Bailey, and I would say there is no reference to a Hansel O. Bailey in the newsletters, nor even in the, in Exhibit 68, is there actually in the captioned pictures a reference to a Hansel Bailey. How about in your introducing yourself as Mr. Bailey's attorney, and in asking questions in which Mr. Bailey is referenced and witnesses respond talking about Mr. Bailey, is the fair assumption from that evidence that nobody knew who was being talked about, or is the fair inference, indeed the inference compelled by the standard of review that people understood it was the gentleman seated at table next to you who you introduced as your client? Your Honor, there is an invariable assumption that the jury follows its instructions, and there was an explicit instruction given. I'm not suggesting that your statement is evidence. I'm suggesting that any time, and there's law on this, the Weed case and others, that say the context of the witness's answer is found in the attorney's question. How is that incorrect as a matter of law? Well, as a matter of law, nothing I say as Mr. Bailey's attorney is evidence in the matter. Given. We accept that as a given. But once a witness begins to answer, what's wrong with those cases from the Eighth Circuit, the Seventh Circuit, the First Circuit, I think the Fourth Circuit, several circuits that say the answer incorporates or adopts the question? Your Honor, I don't think that we can get around the court's explicit instruction, and I think we have to look at this case through the lens of the instructions in this case. And so I don't think you can get around that instruction by simply saying the witness adopted the statements of the attorney. I also think that it misunderstands the function and role of defense attorney, which is not to put evidence, not necessarily to prove something, but to prove that whatever is being proven by the government or has been submitted by the government does not rise to the level of evidence necessary to convict a defendant. I would also point out, Your Honors, that there is a case that I think is instructive on this issue and several others on the insufficiency of the newsletter and the government's other theory about an eloquent inference of identity. And that case has not been drilled down on in the briefs of the parties, but I would like to give that to the court. It is United States v. Keller. The case site is 512F2D182, and it is a 1975. Can you run that one more time, please? Yes, Your Honor. 512F2D182, and it is from the Third Circuit in 1975. Why do you think it's of consequence? Why do you think it should be drilled down and be more consequential than the other cases cited in the submission? The drill? Okay. The case, I'll explain the background of the case. Quickly. Okay. Sure, Your Honor. And I can do it on rebuttal if you would prefer. Can you just tell us what proposition you're citing it for without giving us the factual background? It is a little bit difficult. But in that case, the defendant there, there were five counts, five counts of passing counterfeit money. Count one and count three, the defendant was convicted on all counts. Count one and count three were reversed for insufficient identification. Was that a case, though, where there was a claim that I was not involved, it wasn't me, like a misidentification? No, Your Honor. A mistaken identification question? No, Your Honor. In fact, the court even charged in a footnote that the circuit court noted that the trial court had charged in the instructions that identity was not an issue in the case. The court found the lack of sufficient evidence on identity so glaring that it noted it was patently insufficient and reversed even though the defense counsel had not raised an issue with respect to the issue. Okay. All right. We'll hear you on rebuttal. Thank you. Thank you, Your Honor. Good morning to this August panel of the United States Court of Appeals for the Third Judicial Circuit. My name is Tristan Moore and I represent David Haddow. Please remember those words because it seems to be the consequences of his conviction are directly linked to my statement in a multi-defendant case as to which defendant I represented. I'd like to highlight also that I'd like to reserve two minutes of my time for purposes of rebuttal. Yeah, I guess we can do that. Thank you. Your Honor, Your Honors, we recognize, of course, that the government has a compelling duty to offer sufficient evidence of each element of the crime, but it also needs to offer evidence of the identification. Do you agree that it can be proven through circumstantial evidence? Because in your argument to the district court, you, and I think you were trial counsel, said it had to be by direct evidence. Do you agree now it can be by the totality of the circumstances and reasonable inferences? I don't agree that it's totality of the circumstances on reasonable inferences. I believe reasonable inferences from competent items of evidence. But it doesn't have to be direct evidence. No, Your Honor, but at the trial level, at the motion for judgment of acquittal, the court and the government both recognized that there was no direct evidence, and the government at that occasion also conceded there was no circumstantial evidence. And I believe at that particular juncture, my client should have been acquitted. You said the government conceded there was no circumstantial evidence of your client's identity. Wasn't it explicit evidence? Wasn't it direct? No, Your Honor. What happened is the government tried to say, well, there's a picture on this newsletter that could be Mr. Haddow. And the court said, no, that's not sufficient. I'm not going to accept that. So do you have any other circumstantial evidence to offer? And the government said, no, Your Honor. Well, now, how do you respond to, I mean, you opened to the jury and identified your client. What's your response to that being of consequence? Your Honor, I wanted to start my argument going from the top down, but I can go from the bottom up. Everything that happens procedurally at a criminal jury trial identifies the defendant as being the client of the attorney that's speaking for that individual. So why have identification at all? If it's going to be that because the judge tells me to stand up at voir dire and identify myself and my client, and I say I'm Tristan Moore and this is my client, David Haddow, because my client has to be there sitting next to me or it'd be a bail violation. Because when they first call the case, they say United States versus Bailey and David Haddow. Because I have the right at voir dire to make sure I get a fair and impartial jury, which means we have to ask questions, do you know Mr. Haddow and so forth. But let's talk about what the summation actually said. The summation, the theory of the summation was my client was an employee, makes reference to the witnesses who testified and spoke of the same person. You were asking the jury to infer that he didn't have criminal intent. Not that he wasn't the guy at the place. So why isn't that same evidence sufficient? I'm not talking about your argument. I'm talking about why isn't that same evidence sufficient for us to find the government-established identity? I respectfully submit it's not evidence at all. And you can't draw a reasonable inference from something that's not. I was. I'm not asking to be drawing an inference from your summation. I'm talking about the facts from which you argued to the jury. And I'm putting aside your summation. But your theory and your summation was based on facts. Why can't this Court look at the same facts and infer that the person that each of those witnesses were discussing, being at Compass's premises, that would describe the conduct of an individual named Haddow, who happened to be an employee, and link that person to the man in the courtroom. Why isn't that sufficient? Well, if they would have granted my motion for judgment of acquittal when I made it, there wouldn't have been any summation. There would be no need for summation. I'm not talking about your summation. I'm talking about the evidence upon which your summation was based. Why isn't that information sufficient for a reasonable juror, quoting what Judge Jordan just mentioned, for our standard of review to make a connection that the man discussed by all those witnesses happened to be the man in the courtroom that happened to be sitting next to you. Your Honor, my suggestion for that is that my questions weren't based on identification. My questions were based on what this Mr. Haddow did and did not do. It wasn't asking the witness anything at all regarding the identification issue. And your standard, as I understand it, is that the government must produce substantial evidence sufficient to prove each essential element of its case beyond a reasonable doubt. That's the United States v. Rivera. Right. Accepting that that is the level of evidence that's required for a rational jury to conclude that the elements have been met, can you answer the same question that was being put to your colleague, Mr. Freeman, about adopting comments from cross-examination questions into answers that are given by witnesses? Why is it not appropriate? And that's the theory of weed, right? Your Honor, the theory of weed to me is defective in many, many, many ways. But yes, that's part of the theory of weed. Okay. Whether you disagree with it or not, right, that's the theory of weed, and weed is a Seventh Circuit case. And the same theory has been accepted in the First Circuit, in the Second Circuit, in the Sixth Circuit, in the Ninth Circuit, in the Eighth Circuit. We've got multiple circuit courts that accept that as sufficient circumstantial evidence. Why should we not say, okay, we're going with our sister circuits? What's wrong with the reasoning? Well, again, the Keller case that you have in our circuit, I think we, or I, incorrectly said there was no precedent in the Third Circuit for this particular problem. And in Keller, it comes that when they have a witness on the stand who knows Ms. Keller, who can identify her, who knows a variety of things, and the witness was never asked, do you see Ms. Keller here in the courtroom today? And the Third Circuit says, since there was not even an attempted identification and there was no other evidence linking appellant to this transaction, the evidence on this count is patently insufficient. And the other point I'd like to highlight on this, it's not defendant's responsibility to prove his innocence. It's not defendant's responsibility to offer evidence of identification. It's the government's duty. It's not. And that's clear. But once you decide to start putting things on the record, that is, cross-examining and asking questions and doing things on behalf of your client, consequences can flow from that, including people answering questions in which you have embedded information concerning the identity of the defendant, right? I mean, you choose to put on a case. Yes, Your Honor. You get to do it. So I ask you then when I have my next criminal trial, I'm not going to make an opening statement. When the judge tells me to stand up and identify my client, I'll refuse to do so. When I have the right to cross-examination in a multi-defendant case, I won't recognize which defendant I represent or else I won't exercise my client's right to cross-examine witnesses against him. In my opening statement, I won't give them my separate theory of the case, which may have nothing to do with the co-defendants. And at my closing argument, I won't try to summarize the evidence in the light most favorable to my client. So under all of these circumstances, if Your Honor upholds this opinion, the decision of the court below, there's very little need to go on with the idea of identification at all. Just one other thing. Just to clarify, before you move for acquittal, part of your defense was not misidentification, right? I didn't have a chance to put on a defense. It was all cross-examination of witnesses and the government's case in chief. Well, you chose not to put on a defense. You had a chance. You just chose not to, which is your client's right. You're not obligated to put on a defense. If I may, Your Honor, the point of the matter at that juncture was, am I going to recognize that there's not one iota of direct and I maintain not one iota of circumstantial evidence? And if I put my client on the stand while that issue is under advisement before the trial judge, invariably it's going to be cured. But I think Judge Giorgis' question is a little different. At any point in time, was there a theory of misidentification being pursued by the defendants in this case? Wasn't it really, in this case, a theory of we didn't think a fraud was occurring here, not that we weren't participants in Compass's activity? It wasn't a you got the wrong guy case. Which sounds like a piece of Keller. There were several little minor allegations that were somebody, not my client. There was a cooperating witness, Mr. Padilla. There were other things attributed to one defendant or another that was a mistake. In addition, your time is up, but as far as I could read the record, none of the four witnesses at least that I looked at, none of them brought up a question about that's not the guy. Granted, they didn't say that is the guy, but they didn't say it's not. I know my time is up, but it's really the government's duty to offer some competent evidence from which these inferences could be made. The court below his opinion says that by me saying a defendant and having somebody sitting next to me, they can reasonably infer from him sitting next to me, and that's against Baker. There's a complete statement that says you can make no inferences on somebody Baker. Eighth Circuit? It's in the Ninth Circuit, Baker v. Hocker, 496 Fed 2nd, 615 at 617, Ninth Circuit, 1974. Let me ask you if I may, and I know we're intruding past the time given you, but since you and Mr. Freeman have invoked this Keller case, I've got it open in front of me, and it appears that, and I'm going to quote you some language from that opinion, the court saying, however, Salvin never identified a pallant as the one who passed him the two bills. While he testified that he knew Mrs. Keller and was friendly with her and that he would not have any problem identifying her, he was never asked whether she was the one who passed him the bills, and he never identified her as the person, close quote. Now, that appears to be a case where the key witness didn't say, not only didn't say, and that is Mrs. Keller and point at the defense table, but never said that Mrs. Keller is the one who did the illegal act, right? When I read that, it sounds like there's a problem here because he was never asked whether she was the one who passed him the bills. That piece is not in dispute in this case. Is it the fact that Haddow and, excuse me, your client, Mr. Haddow, and Mr. Freeman's client, Mr. Bailey, engaged in illegal acts? That was amply testified to, correct? No, Your Honor. There were specific statements attributing specific conduct to my client, and those statements being facts in evidence, the inference could be made that A. Haddow did those things, but there's no inference that Haddow is the person. Right. So my question to you is, in Keller it appears that there are two problems. One is, and the Court says it, that he was never asked whether she was the one who passed him the bills, i.e., that the defendant did the illegal act, and two, there was no evidence identifying her as the person. So there's two problems in Keller, and I'm just asking you, it's fair to say, isn't it, that in this case the single problem you've got is that second one never identified your client as the person. That is that the Haddow being talked about who's doing all these illegal things is the Haddow sitting at the table next to you, correct? Correct. And there wasn't even an attempt by the government to make that connection and that identification, and that is what the Third Circuit said, that evidence on this count is patently insufficient. All right. Thank you, counsel. Thank you. May it please the Court, my name is Kim Chisholm, and I represent the Appalachian United States of America. Nice to see you again. Thank you. The Keller case was not cited by your adversaries. Are you familiar with it? No, I'm not, Judge. Well, then, no sweat. Why don't you, if the parties want to put in a letter brief, no longer than three pages dealing with the case, then you can deal with it then, okay? But I do know of another case that was cited in a footnote of, I believe, a Fifth Circuit case that was a Third Circuit case, and it sounds like it's similar to Keller in that the issue really was whether or not the evidence was on the case. Could you give us the citation or the name of it? I can provide the Court with the citation, but I believe it's within the Hanley case. But it's similar in that the issue wasn't the identification as much as the sufficiency of the evidence. Okay. Well, when you say the sufficiency of the evidence, identification is part of the sufficiency of the evidence, and that's the problem with this case. All it takes is for a prosecutor to say, and is that gentleman seated next to Mr. Moore the David Haddow that you know? Yes. Done. I mean, what could possibly be the reason for not doing that in this case, saying this to Mr. Bailey? Well, Judge, I can't offer you an explanation. I know the district court opined on the reason for it. Well, it wasn't a strategic move, I'm assuming, right? The government's position is that it certainly was not a strategic move. What I offered at the sentencing hearing, Your Honor, to the district court as the explanation was that it was human error. Okay. So isn't it sort of typical that in a case of somebody making a mistake, and anybody can make a mistake, but what prevented the assistant United States attorney, once a Rule 50 motion was made, that there was a failure of proof for lack of direct evidence of identification from saying to the district court, Your Honor, there's no prejudice to the defendant in reopening the record. If necessary, please do that, and we'll have them identified. Now, certainly that would be an issue on appeal before it's had that happen. I'd be surprised if Mr. Moore and Mr. Freeman weren't here, arguing that that was an improper thing to do to reopen, and we'd be having a discussion about that. But why not attempt to cure the record? There doesn't even appear to have been an effort to cure the problem once it was made apparent. Well, I do know, Your Honor, and this is borne by the record that the prosecutor did file a motion to reopen, but he did not file it at the time of the Rule 29 hearing. He filed it that evening at approximately 7 p.m. The next morning they went in for deliberations, and it was not raised prior to a closing argument. It came up after the closing argument, pre-deliberation. So I have no explanation for why that was not brought to the attention of the court in a timely fashion, but I do know the motion to reopen was filed with the court, but it was filed in the evening after the defense rested and the government rested. Isn't there some point at which the government just has got to live with what the government does and doesn't do? Well, Your Honor, I don't see it as a fatal flaw here, and the reason I don't see it as a fatal flaw is because there is evidence of record as to each of these defendants, and I would state with respect to Mr. Bailey, there is a newsletter that went into evidence. It was introduced by the defendant and the government. For different purposes, I would submit, but it does contain a photograph, and the defense attorney said it was remarkably similar. You've got a picture of Mr. Bailey. Talk about Mr. Haddow. With a name, Your Honor. Yeah. That's correct. Now, with respect to Mr. Haddow, you know, I think when I was listening to Attorney Moore and he was saying, you know, my introduction, I won't introduce myself, and I won't have my clients stand, but that's not really what the issue is here. I think the problem is that the logical isn't that where he he that might be the logical end that he's talking about. If we're all going to rely on that, he could sit on his hands and say nothing, and then what happens? I think what I'm relying on and what the government is relying on is his when he questioned the witness, when he, and there's case law. But by his mere standing and introducing himself, he waves a defense. So don't wave a defense. Don't identify yourself. Is that really the way the law ought to be? I think he identified himself, and I know that, you know, what you say other than what, you know, during the answer that the witness gives to the question is the evidence and not him saying, I'm trusting more, but when he began the question by saying, you know, I represent David Haddow, and what did Mr. Haddow do? And then the witness answers the question and says, you know, Mr. Haddow did this, or in a lot of instances, the witness said Dave. I think she said on at least three or four occasions. That means she knew Dave Haddow. It doesn't mean that the person seated in the courtroom was Mr. Haddow. That's an inference that you want us to accept that the jury drew, but I don't, I'm not hearing you responding yet to the argument made by your opposing counsel that that relieves the government of the burden of proof on an essential element of its case. Identity of the defendant is an essential element in every criminal case. If the mere fact that I stand up and identify myself as representing a person, particularly in a multi-defendant trial where the jury really ought to know who I represent, if my doing that as a defense lawyer is all it takes, then you have court eliminated an essential element that the government is supposed to prove because then they never have to do anything, and that seems to be an argument that the government ought to have some answer for. What's your answer? Well, my answer is that if the jury can reasonably, and you can make reasonable inferences based on the evidence, the evidence can come in during the cross-examination of a witness. Sometimes that happens, Your Honor, that evidence comes in through the cross-examination. It fills in a gap. Sure, and if during cross-examination, Ms. Chisholm, if somebody had said, and that's David Haddow, then I guess we wouldn't be having this conversation, but that's not how it happened. The record here doesn't have anything like that. No witness is ever asked on direct or cross-examination for identification, and nobody volunteers it. So the question is, I'm still hoping you'll answer Mr. Moore's suggestion, that if we accept the argument of the government, there's never any need for any government witness to ever identify a defendant because you could always say that the inference could be drawn from the fact that nobody mentions anything, that they're the defendants, they're the bad guys. Judge, I think that if you have a situation where identity is at issue in the case, for instance, if you have a masked rapist go in and rape a woman, and the government would then fall on its burden if no one ever said that that masked... Identification is an issue in every case. It is an issue, but it's not who is the perpetrator of the offense. It's whether these individuals perpetrated the offense that's charged and proven otherwise. And so with respect to, like, if it wasn't a masked rapist, but the woman's brother-in-law that came in and raped her, and then the witness testified that it was my brother-in-law, could any rational jury find that the government proved beyond a reasonable doubt that it was her brother-in-law if she stated it was my brother-in-law but didn't point him out? That's an interesting scenario, but, of course, it doesn't seem to address the point that, regardless of whether who did it becomes a matter of dispute in the case, it's still incumbent on the government to say that person seated at that table is the person responsible for the crime in this case. It sounds like you're arguing that unless the defense makes it an issue, you don't have to prove it. No, that's not what I'm saying, Your Honor. I'm saying that in the circumstances of which, Your Honors, know that there are very few cases on this, you know, there's a smattering of cases because it doesn't come up that often. Yeah, thank heavens. Because the practice is that the government says, you know, do you see the person in the courtroom today? That is our practice. And that practice exists because in the absence of that, what? Why do prosecutors virtually always do that? Well, to ensure an identification of record. However, if it doesn't occur, that doesn't mean that there is no identification of record. And this case supports that there is an identification of record. And why don't you take us through the evidence on that point, focusing on the evidence. What evidence supports the identification of the witnesses? What I argued in my brief primarily, Your Honor. And is it the fact that each of the individuals described a location at which individuals having the same name of the two defendants had worked, they had pre-existing relationships in certain instances, and that? Jason Questel, Your Honor. I'm sorry to interrupt you, but the person that had the pre-existing relationship, Mr. Questel, he had worked with Mr. Haddow. So these are all prigs, or they came to know each other when Compass came to be, correct? Ron said that's not David Haddow in the courtroom. When Attorney Moore gave his closing argument, he ratified basically the information, the evidence that came in by saying, you heard from Padilla, you heard from Lord Cates, that this, that, and the other. He was providing a summary of that testimony, and the jurors could, and not that he, you know, introduced himself again as representing, you know, David Haddow, and that David Haddow was, you know, an innocent bystander and all of this. But it provided the context for the jury to infer that the individual that was being referred to by the defense attorney when he asked the question, was the person seated at counsel table? But is it your view that we could ignore the statements of counsel and look at the evidence and make the same inference the jury made about who was in the courtroom? And I say that only because I think when it's the government that asked the question, and it would have been preferable, and I think the district court even noted that had the government said, you know, in the question the defendant, David Haddow, that the context of the answer, you know, would then link the defendant with the name. But I don't know whether it matters whether it was the defense attorney that said it or the government that said it. I was focusing on the summation, the actual oral argument to the jury. It wasn't evidence in the case. It's not evidence, but we could take the same evidence that counsel marshaled together and make the same inference that you would like us to make, that the government has sustained its burden to prove the two gentlemen on trial were the men involved in the COMPAS activity. That's the government's position. Just to summarize what you're talking about, you're talking about the people who testified. I interacted with Haddow and gave their testimony and never questioned that Haddow wasn't here being tried. That's a fair inference for a jury to make in terms of identification? I worked with him, and he's, you know, and there's no question. Well, they didn't say he's here, he's right there, but they didn't say he's not. Some of the circuits have said that, Your Honor. Okay. Yeah, some of the circuits that have addressed the issue have said that that's enough. And should we adopt that or not? I think a jury can draw any reasonable inference based on the evidence, and if someone does not say something, then, you know, a lot of times, jurors draw inferences from what's not stated as well as what's stated by a witness. All right. But so do we, I mean, I think it's a Dougherty case from the First Circuit, and then there's the Bell case unpublished from the Sixth Circuit. I think those are the cases that stand for that proposition. But to go back to Judge Jordan's question, I mean, do we have to adopt that rule for you to prevail? No, because you can – I think the district court relied primarily on weeds, and, you know, that rule is, I think, the prevailing – you know, it fits in with the standard of review in this case, and that's, I think, what is the – and that's what the government argued, that, you know, the sufficiency of the evidence, viewing the evidence in the light most favorable to the government, and reasonable inferences based on facts and circumstances is the way that the government would suggest, you know, the prevailing view of the circuit courts has been on this issue. Is it fair and appropriate to expect that this is – and I'm paraphrasing pretty loosely near opposing counsel in their briefing, but I understood one of their arguments to be that it's not fair to adopt weed because it's flawed in that it expects witnesses on their own to start raising stuff, and we don't ask witnesses to do that. We don't want witnesses spontaneously saying, you guys keep talking about David Haddow, and he's not in this room. Nobody asks him, they don't answer a question. Is that not accurate, that we expect witnesses to answer what's asked of them and not start interjecting and raising issues on their own? No, Judge, I don't think that that's the case. What I stated earlier about the, you know, dearth of cases in this area suggests that that has not been, you know, the case in what is expected of, you know, the government in the presentation of evidence and, you know, how we conduct trials. And so when you have a situation where there is, you know, a failure to ask a direct question, the question then becomes whether there is, you know, circumstantial evidence or facts from which a jury can infer, you know, that evidence. And so it's not the norm, but the cases demonstrate that, you know, there are very few cases. And theoretically, let's say this conduct occurred all by Internet and no faces ever showed up at the Compass location in the Virgin Islands. The government would have to prove the identification of the actor, say, in California, through inference if the employees at Compass only dealt with that particular individual through Internet. So you'd have to do it all inferentially anyway. So not every case would necessarily be a direct, he's the man who did the crime. Correct? Yeah. Some, yeah. Maybe inference built on inference because you would have to bring in, like, you know, maybe the service provider to show. There you go. But it would have to be proven, but how? Of course. It might have to be multiple inferences or, you know, multiple pieces of circumstantial evidence. Thank you. Thank you, counsel. Thank you, Your Honor. We have another. Okay. Go ahead. Thank you, Your Honors. Judge Jordan, to your question or statement, identity is an issue in every case. Certainly when my client and Mr. Haddow pled guilty, they conceded nothing and they put the government to their burden. Now, I think with respect to this eloquent inference theory, I think it not only is it logically flawed, but it completely disregards the concept that the government has a burden to prove something and that it has a burden to overcome the constitutional presumption of innocence. So I think it is a very, very slippery slope to allow the fact that the government, that nothing was said on an item on which a witness was not asked about, that nothing was said to suffice as sufficient evidence to establish an essential element of a crime. Well, you kind of put the rabbit in the hat there, don't you, Mr. Freeman, when you say nothing was said because, of course, the government's entire theory, at least as to Mr. Haddow, as to your client, there is a photograph with a caption. There is a photograph with a story. But assuming there weren't that for your client and there isn't that for Mr. Haddow, there are multiple witnesses closely associated with your clients, knowing them well, speaking about them in the context of a trial where they have been, they, the defendants, have been introduced to the jury by counsel so everybody knows this is Mr. Haddow, this is Mr. Bailey. It's told to the jury. And then there are questions, Haddow, Bailey, do X and Y, and answers are given. If there's no inkling in the courtroom that that isn't Haddow and Bailey and the questions all deal with him as being Haddow and Bailey, what's wrong with the juror saying that's Haddow and Bailey? I don't think they did say that, Your Honor. Well, they convicted him. They convicted him after being instructed that Haddow and Bailey are accused of X, Y, and Z. If you find that the government proved that Haddow and Bailey did X, Y, and Z, by proof beyond a reasonable doubt, you know, find him guilty. Here comes the guilty verdict. I certainly can see that they found A, Hansel Bailey, and A, David Haddow, as was listed in the indictment and the jury verdict, but I don't believe there was ever a link between the people indicted and convicted in the jury verdict and the people at counsel's table. Your Honor, I would also just add that I think that Keller really does foreclose this argument, and I don't think you could have a more textbook scenario where these, you know, all the circumstances indicate that identity was made than in Keller. Well, you're going to have a chance to respond to that. Judge Chigueras has given the parties an opportunity to submit, and I hope the parties will deal with the question that I raised with Mr. Moore, which is it appears in Keller that there were two failures, not one, and whether that is a distinguishing feature or not. Thank you, Your Honor. Thank you, counsel. Just so we can be clear, let's go with no longer than three pages. It can be a letter brief, and can we have that filed by December 17th? Okay. I think that will probably give you enough time. Thank you. You can proceed, counsel. Just briefly, Your Honor, when the government made its motion to reopen, the jury had already started the process of being instructed by the court, and the court felt that was inappropriate at that juncture. The other thing, Your Honor, is a lot of things that are happening in the courtroom, like the judge at voir dire saying, Moore, stand up and identify yourself and your client, I think that the jury wasn't inferring from evidence properly admitted. They were presuming that by virtue of me and the judge and my client all acknowledging that I represent Mr. Haddo as early as voir dire, that that was something that was there and that they could consider. And the trial judge was very careful to use jury instructions approved by the Third Circuit, and your pattern instruction should be given ordinarily under Horsey v. Mack if there's a basis for it. And the judge instructed what is and what is not evidence, and I challenged the government to find any evidence of identification that was admitted into this case. And if there was any evidence from which they could make and infer some sort of connection, there was none. Well, what about your colleague? Mr. Bailey had a photograph. Wasn't that evidence from which the jury could infer? I know your circumstances are different from Mr. Haddo. Well, you know, Judge, I hate to throw my co-defendant under the bus, but I don't believe that that photograph or that newsletter was admitted for purposes of identification. There was no limiting instruction. I didn't see a limiting instruction as to how that evidence could be considered. It did come into context to show that Compass Diversified did things. It had a variety of newsletters. But the judge, I just want to make sure I'm correct, that the judge didn't say, ladies and gentlemen of the jury, you can only use that newsletter. You are absolutely correct. There was no limiting instruction. So, Your Honor, there is no evidence as far as I can see, and there was none. When you say there's no evidence, there's no direct evidence, but there is evidence of questioning about Mr. Haddo and responses back, Dave did this or Mr. Haddo did that, which formed the basis of, at least I understand it to form the basis of the government's argument that there's, despite a lack of direct evidence, there's circumstantial evidence from which the jury can infer that the person who's been identified to us in the courtroom as being David Haddo is now the person being talked about. I can infer that even though nobody said that's David Haddo. That's the central problem we're dealing with, right? But what is the evidence you're inferring that from? What is the competent, properly admitted evidence in trial that that inference is being made from? If it's being made from my unsworn question, I'm not under oath. I'm not a witness. I'm asking a question because I have to get the information as to did David walk across the street with this or did he sign that or whatever it was. It's necessary. That's a perfect example. Let's use that. Did David walk across the street with this? And the witness says yes. If your assertion is that the only thing the jury can look at is the word yes, it's a meaningless word. Yes only means something in the context of the question you asked, right? They have to, the jury has to look at what you said and incorporate it into what the witness responded in order to make any sense of it at all. If that's the way it operates, and I think you'd be hard pressed to say that isn't the way it operates, otherwise you'd be denying the existence of context in ordinary human exchange, then what's wrong with the jury saying, well the defense counsel said X, Y, and Z during cross-examination and that was incorporated in what the witness responded to? Your Honor, there's two parts to that. One is I'm trusting more I represent David Haddow. That's not even a question. That's certainly not evidence because I'm not a sworn witness. But I said did David walk across the street? Yes means yes, David walked across the street. That's a proper use of my question and that answer in that context. I'm just submitting to Your Honor that otherwise there's no evidence whatsoever in my reading of the record on identification, and it wasn't my job or anybody else's job, and we didn't waive our fundamental right. There was no knowing and intentional written waiver of the government's responsibility to offer some evidence. So your position is that the answer, yes, David walked across the street, a guy named David walked across the street, but the link of whether that guy was the gentleman sitting next to you, you're saying there is a deficiency in the record? No evidence on that particular record. I know I'm out of time. I would respectfully request that Your Honor favorably consider our appeal, and I would very much hope that the court would remand this matter with instructions for the court below to grant our motion for judgment of acquittal. I would especially appreciate a court order releasing my client forthwith from his circumstances of incarceration. Thank you, counsel. We'll take the case under advisement.